**CV 11 - 1833**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

JOSEPHINE CRUZ
A/K/A JOSPEHINE BRADLEY
    Plaintiff,

vs.

PENTAGROUP FINANCIAL, INC.
    Defendant,

MATSUMOTO, J.

Civil Action No. J. ORENSTEIN, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 12 2011 ★
BROOKLYN OFFICE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Josephine Cruz an individual consumer, against Defendant, Pentagroup Financial, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transact business here.

## III. PARTIES

3. Plaintiff, Josephine Cruz, is a natural person with a permanent residence in Ozone Park, Queens County, New York 11417.

4. Upon Information and belief the Defendant, Pentagroup Financial, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 5959 Corporate Drive, Suite 1400, Houston, Harris County, Texas 77036. The principal purpose of

Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## *IV. FACTUAL ALLEGATIONS*

6. Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Upon information and belief, Defendant began placing collection calls to Plaintiff in November of 2010.

8. In November 2011, Defendant, in connection with the collection of the alleged debt, did contact the Plaintiff and when Plaintiff stated she could not make the requested payments, Plaintiff was yelled at by Defendant and then Defendant hung up on Plaintiff.

9. In mid-January 2011, Defendant, in connection with the collection of the alleged debt, when asked who was calling by Plaintiff's mother, Defendant responded by yelling at Plaintiff's mother and stating that she, Plaintiff's mother, knew who it was and "I can't understand you (Plaintiff and Plaintiff's mother) people.

10. On January 28, 2011, Defendant, in connection with the collection of the alleged debt, yelled at Plaintiff and stated to her that Defendant had not spoken to her in over sixty (60) days.

11. Plaintiff and Defendant did have numerous conversations in the two (2) months preceding January 28, 2011, concerning the alleged debt.

12. On January 28, 2011, Defendant, in connection with the collection of the alleged debt, threatened to commence litigation against Plaintiff, stating, "You will get a judgment against you if you don't pay in full by Monday."

13. On January 28, 2011, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that if Defendant did obtain a judgment against Plaintiff that the judgment would prevent Plaintiff from ever becoming a lawyer.

14. To date, Defendant has not commenced litigation against Plaintiff.

15. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "What kind of people are you."

16. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "Why can't anyone from your family step up to the plate?"

17. As a result of the continued harassment by Defendant, Plaintiff has suffered physical and emotional distress.

## V. *CLAIM FOR RELIEF*

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

   (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that Defendant does not intend to take and/or Defendant cannot legally take; and

   (e) Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff; and

   (f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Josephine Cruz for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against ,Defendant, Pentagroup Financial, Inc. for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

### VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Josephine Cruz, demands trial by jury in this action.

This 7th day of April, 2011.

ATTORNEY FOR PLAINTIFF
Josephine Cruz

Respectfully submitted,

Kevin J. Buckley, Jr., Esq.
EDNY Bar No. KB5090
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (978) 212-3300
Fax: (888) 712-4458